MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
GABRIEL S. DERMER, Supervising Assistant City Attorney
**FELIX LEBRON, Deputy City Attorney (SBN 232984)**
Business and Complex Litigation Division
200 N. Main Street, Room 675
Los Angeles, CA 90012
Telephone: (213) 978-7559
Facsimile:  (213) 978-7011
felix.lebron@lacity.org

Attorneys for Defendants CITY OF LOS ANGELES and SEAN DINSE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| REX SCHELLENBERG, an individual<br><br>                              Plaintiff,<br><br>         v.<br>THE CITY OF LOS ANGELES, a municipal entity; LAPD SENIOR LEAD OFFICER SEAN DINSE, sued in his individual capacity, DOES 1-10,<br><br>                              Defendants. | CASE NO.: 2:20-cv-01313-MWF-JC<br>[*Assigned to the Hon. Michael W. Fitzgerald*]<br><br>**ANSWER OF DEFENDANTS TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: Feb. 10, 2020 |

COMES NOW Defendants CITY OF LOS ANGELES ("City") and LAPD Senior Lead Officer SEAN DINSE ("Dinse" and collectively with the City the "Defendants") in answering Plaintiff Rex Schellenberg's ("Plaintiff") Complaint (Dkt. No. 1, "Complaint") for themselves and for no others, admit, deny, and allege as follows:

## JURISDICTION AND VENUE

1.      In response to paragraph 1, Defendant admits that this Court has jurisdiction over the federal claims alleged in the Complaint under 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. §§ 2201, 2202, and that the Court has supplemental jurisdiction over the state claims alleged in the Complaint under 28 U.S.C. § 1367.  Defendants deny each and every remaining allegation.

2.      In response to paragraph 2, Defendants admit the allegations therein.

## PRELIMINARY STATEMENT

3.      In response to paragraph 3, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies all allegations therein.

4.      In response to paragraph 4, Defendants admit that some Los Angeles Police Department ("LAPD") personnel maintain official department social media accounts to disseminate public safety bulletins or messages, provide crime prevention and emergency preparedness tips, promote recruiting efforts, seek assistance for criminal investigations, and other community outreach on issues relevant to official LAPD business.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph, and on that basis denies all remaining allegations therein.

5.      In response to paragraph 5, Defendants admit that LAPD officers have used department social media accounts to post communications on Facebook groups, including social media posts on "Crimebusters of West Hills and Woodland Hills" and "Homeless Transient Encampments of our West Valley."  Defendants deny each and every remaining allegation.

6.      In response to Paragraph 6, Defendants admit that LAPD reviewed concerns

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

relating to social media messages promoting vigilantism toward people experiencing homelessness, including a correspondence sent to Sheila Kuhl dated July 10, 2018 alleging a trend of anti-homeless vigilantism.  Defendants deny each and every remaining allegation.

7.      In response to Paragraph 7, Defendants deny each and every allegation contained therein.

## PARTIES

8.      In response to paragraph 8, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies all allegations therein.

9.      In response to paragraph 9, Defendants admit that the Los Angeles Homeless Services Authority ("LAHSA") worked with Plaintiff to help Plaintiff secure permanent housing.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph, and on that basis denies all remaining allegations therein.

10.      In response to paragraph 10, Defendants admit that Plaintiff filed an action that alleged claims against the City in the United States District Court for the Central District of California, Case. No. 2:18-CV-07670-CAS-PLA.  Defendants deny each and every remaining allegation.

11.      In response to paragraph 11, Defendants deny Plaintiff's van was unlawfully seized in April 2019 and June 2019.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph, and on that basis denies all remaining allegations therein.

## DEFENDANTS

12.      In response to paragraph 12, Defendants admit that the "City is a municipal entity organized under the laws of the State of California with the capacity to sue and be sued" and that LAPD is a department of the City.  Defendants deny each and every

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1  remaining allegation.

2       13.    In response to paragraph 13, Defendants admit Dinse is a Senior Lead

3  Officer ("SLO") and employed by LAPD.  Defendants deny each and every remaining

4  allegation.

5       14.    In response to paragraph 14, Defendants deny each and every allegation

6  contained therein.

7       15.    In response to paragraph 15, Defendants lack knowledge or information

8  sufficient to form a belief as to the truth of the allegations in that paragraph, and on that

9  basis denies all allegations therein.

10  **FACTS**

11       16.    In response to paragraph 16, Defendants admit LAPD officers, including

12  Dinse, have interacted with Plaintiff.  Defendants deny each and every remaining

13  allegation.

14       17.    In response to paragraph 17, Defendants admit Dinse personally interacted

15  with Plaintiff on multiple occasions over the course of several years.  Defendants deny

16  each and every remaining allegation.

17       18.    In response to paragraph 18, Defendants admit that Dinse maintained a

18  department Facebook account under the name "SLO Sean Dinse" and that LAPD

19  authorized the use of a department social media account consistent with LAPD policy.

20  Defendants deny each and every remaining allegation.

21       19.    In response to paragraph 19, Defendants admit that Dinse posted Facebook

22  communications using his department social media account, including on Facebook

23  groups "Crimebusters of West Hills and Woodland Hills" and "Homeless Transient

24  Encampments of our West Valley."  Defendants lack knowledge or information sufficient

25  to form a belief as to the truth of the allegations in that paragraph regarding Fern Peskin-

26  White, and on that basis denies all allegations therein.  Defendants deny each and every

27  remaining allegation.

28       20.    In response to paragraph 20, Defendants admit that Dinse posted Facebook

3

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

communications using his department social media account, and that some communications included references to Plaintiff.  Defendants deny each and every remaining allegation.

21.     In response to paragraph 21, Defendants admit that Dinse posted Facebook communications using his department social media account, and that some communications included references to Plaintiff.  Defendants deny each and every remaining allegation.

22.     In response to paragraph 22, Defendants admit that Dinse posted Facebook communications using his department social media account, including on Facebook groups "Crimebusters of West Hills and Woodland Hills" and "Homeless Transient Encampments of our West Valley."  Defendants further admit that some of Dinse's Facebook posts included references to Plaintiff.  Defendants deny each and every remaining allegation.

23.     In response to paragraph 23, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies all allegations therein.

24.     In response to paragraph 24, Defendants admit "on or about August 1, 2018, Plaintiff Schellenberg was at Warner Center Park in the neighborhood of Woodland Hills."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies all remaining allegations therein.

25.     In response to paragraph 25, Defendants admit that on August 1, 2018, Dinse spoke to Plaintiff at Warner Center Park.  Defendants deny each and every remaining allegation.

26.     In response to paragraph 26, Defendants admit that on August 13, 2018, Dinse spoke to Plaintiff at Warner Center Park.  Defendants deny each and every remaining allegation.

27.     In response to paragraph 27, Defendants admit Plaintiff was not cited for

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

camping in a public park on August 13, 2018.  Defendants deny each and every remaining allegation.

28.     In response to paragraph 28, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that basis denies all allegations therein.

29.     In response to paragraph 29, Defendants admit that Howard Sommers Towing, Inc. ("Howard Sommers") is the official tow garage of LAPD's West Valley and Topanga divisions for vehicle impounds and tows.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph, and on that basis denies all allegations therein.

30.     In response to paragraph 30, Defendants deny that Dinse targeted Plaintiff's van.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph, and on that basis denies all allegations therein.

31.     In response to paragraph 31, Defendants admit that on April 25, 2019, Plaintiff's van was parked at a metered-street parking space located at Farralone Avenue near Clarendon Street.  Defendants further admit that Dinse and LAPD officer Fernandez arrived at the scene in response to a complaint and obtained information that the van was towed to the location more than two week earlier and had not moved from the parking space for over two weeks, and also received information that the van was impacting customer parking for businesses next to the metered parking space.  Defendants affirmatively allege on information and belief that Plaintiff purchased the van at lien sale from Howard Sommers on or around April 9, 2019 at which point it was towed to this location.  Defendants further admit that that Plaintiff's van did not display any front or rear license plates, and a query of the van's registration confirmed that the vehicle's registration had been expired since July 2, 2017.  Defendants affirmatively allege that the van was inoperable and Plaintiff was unable to start the van or drive it to another location without a tow.  Defendants further admit that Plaintiff's van was impounded due to the

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

expired registration per California Vehicle Code Section 22651(o).  Defendants affirmatively allege that Plaintiff removed property before the van was towed and rejected the Dinse's offer to contact LAHSA to assist Plaintiff with shelter or temporary housing support.  Defendants further affirmatively allege that on or around April 29, 2019, Plaintiff recovered any remaining property in the van from Howard Sommers.  Defendants deny each and every remaining allegation.

32.    In response to paragraph 32, the Defendants deny that the tow and impound of Plaintiff's van violated state law or the Fourth Amendment.  Defendants affirmatively allege that the statute referred to therein speaks for itself and that no answer is required to that allegation to the extent that it calls for a legal conclusion.  To the extent the paragraph is construed to include any factual statement outside the meaning of the statute, the Defendants deny each and every allegation.

33.    In response to paragraph 33, Defendants affirmatively allege that the statute referred to therein speaks for itself and that no answer is required to that allegation to the extent that it calls for a legal conclusion.  To the extent the allegation is construed to include any factual statement outside the meaning of the statute, the Defendants deny each and every allegation.

34.    In response to paragraph 34, Defendants admit that a vehicle parked in the same location for 72 consecutive hours or longer may be cited violation of Los Angeles Municipal Code 80.73.2 and may be impounded as authorized under the California Vehicle Code.  Defendants deny each and every remaining allegation.

35.    In response to paragraph 35, Defendants deny each and every allegation contained therein.

36.    In response to paragraph 36, Defendants admit that Plaintiff's van was towed and impounded on April 25, 2019.  Defendants deny each and every remaining allegation.

37.    In response to paragraph 37, Defendants admit that Plaintiff's van was towed to Howard Sommer's impound lot in Canoga Park.  Defendants are without

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation.

38.     In response to paragraph 38, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

39.     In response to paragraph 39, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

40.     In response to paragraph 40, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

41.     In response to paragraph 41, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

42.     In response to paragraph 42, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

43.     In response to paragraph 43, Defendants admit that Los Angeles Department of Transportation (LADOT) Facility No. 705 is located at the corner of Costanso Street and Don Pio Drive and is a metered off-street parking facility that is open from 7:00 a.m. to 9:00 p.m. daily with metered rates of $0.25 for 30 minutes or $2.50 for the day. Defendants further admit that Plaintiff's van was unlawfully parked at the lot on July 22, 2019.  Defendants deny each and every remaining allegation.

44.     In response to paragraph 44, Defendants admit on July 21, 2019, LAPD Officers Norris and Morales encountered Plaintiff at LADOT Facility No. 705, that Plaintiff's van was parked at the lot, and that Plaintiff placed property around the van and other parking spaces.  Defendants further admit the Officers Norris and Morales informed

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

Plaintiff on July 21, 2019 that he was trespassing on the City parking lot, and instructed Plaintiff to vacate the lot and move the van and property placed in the parking lot. Defendants deny each and every allegation contained therein.

45.   In response to paragraph 45, Defendants admit on July 23, 2019, LAPD Officers Norris and Morales returned to LADOT Facility No. 705, and Plaintiff's van remained parked in the same parking spot and Plaintiff placed additional property in the adjacent parking spaces and walkways, including a sandbox filled with water that Plaintiff used to bathe himself.  Defendants deny each and every remaining allegation.

46.   In response to paragraph 46, Defendants admit that on July 23, 2019, Plaintiff's van did not display a front or rear license plate and that Officers Norris and Morales queried the registration and determined that the van's registration had been expired for over two years.  Defendants further admit that Plaintiff informed the officers that Plaintiff had a vehicle moving permit and needed to conduct a smog check for registration, but the moving permit Plaintiff provided to the officers was not signed or dated, appeared to be a copy of a permit and not the original, was determined not be a valid California Department of Motor Vehicles (DMV) moving permit.  Defendants further admit that Plaintiff requested that a Sergeant be called to the scene and that LAPD Sergeant Kohl arrive at LADOT Facility No. 705 and verified that Plaintiff did not have a valid DMV moving permit and the van's registration had been expired for two years. Defendants deny each and every remaining allegation.

47.   In response to paragraph 47, Defendants admit on July 23, 2019, Plaintiff was issued a parking citation for expired vehicle registration, Plaintiff's van was towed by Howard Sommers and impounded due the expired registration per California Vehicle Code 22651(o), and that Dinse arrived at the scene before the tow.  Defendants affirmatively allege that Officers Norris and Morales advised Plaintiff two days before the impound that he needed to move vacate LADOT Facility No. 705.  Defendants also admit that on July 23, 2019, Plaintiff was issued an RFC for violation of LAMC 41.18(D) and released at the scene.  Defendants deny each and every remaining allegation.

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

48.     In response to paragraph 48, Defendants deny each and every allegation contained therein.

49.     In response to paragraph 49, Defendants deny that Plaintiff was only able to retrieve a few items from the van before it was towed on July 23, 2019.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every remaining allegation.

50.     In response to paragraph 50, Defendants admit that on July 24, 2019, Plaintiff contacted the impound hearing officer, LAPD Detective Avila, explaining Plaintiff's reasons for contending that the vehicle impound was unjustified.  Defendants further admit that the hearing officer authorized the release of the van to Plaintiff and waived all impound fees, which costs were borne by the City.  Defendants affirmatively allege that Plaintiff's van was released on July 25, 2019, and Detective Avila signed and dated a DMV moving permit for Plaintiff and advised Plaintiff to get his van smog checked as soon as possible.  Defendants deny each and every remaining allegation.

## MONELL ALLEGATIONS

51.     In response to paragraph 51, Defendants deny each and every allegation contained therein.

52.     In response to paragraph 52, Defendants admit LAPD permits some department personnel to maintain official department social media accounts to disseminate public safety bulletins or messages, provide crime prevention and emergency preparedness tips, promote recruiting efforts, seek assistance for criminal investigations, and other community outreach on issues relevant to official LAPD business.  Defendants deny each and every remaining allegation.

53.     In response to paragraph 53, Defendants admit LAPD permits some department personnel, including Senior Lead Officer, to maintain official department social media accounts to disseminate public safety bulletins or messages, provide crime prevention and emergency preparedness tips, promote recruiting efforts, seek assistance

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

for criminal investigations, and other community outreach on issues relevant to official LAPD business.  Defendants deny each and every remaining allegation Defendants deny each and every allegation contained therein.

54.     In response to paragraph 54, Defendants deny each and every allegation contained therein.

55.     In response to paragraph 55, Defendants deny each and every allegation contained therein.

56.     In response to paragraph 56, Defendants deny each and every allegation contained therein.

## FIRST CAUSE OF ACTION

**Right to Be Secure From Unreasonable Seizures - Fourth and Fourteenth Amendments (42 U.S.C. §1983) California Constitution, Art. 1, §13; California Vehicle Code §22650(b)**

57.     In response to paragraph 57, Defendants incorporate by this reference, as though fully set forth at length herein, its answers to the Complaint set forth in paragraphs 1 through 56, inclusive.

58.     In response to paragraph 58, Defendants deny each and every allegation contained therein.

59.     In response to paragraph 59, Defendants deny each and every allegation contained therein.

60.     In response to paragraph 60, Defendants deny each and every allegation contained therein.

61.     In response to paragraph 61, Defendants deny each and every allegation contained therein.

## SECOND CAUSE OF ACTION

**Right to Due Process of Law –**

**Fourteenth Amendment (42 U.S.C. §1983) California Constitution, Art. 1, §7**

62.     In response to paragraph 62, Defendants incorporate by this reference, as

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

though fully set forth at length herein, its answers to the Complaint set forth in paragraphs 1 through 61, inclusive.

63.   In response to paragraph 63, Defendants deny each and every allegation contained therein.

64.   In response to paragraph 64, Defendants deny each and every allegation contained therein.

65.   In response to paragraph 65, Defendants deny each and every allegation contained therein.

66.   In response to paragraph 66, Defendants deny each and every allegation contained therein.

### THIRD CAUSE OF ACTION

### Bane Act - Cal. Civ. Code §52.1

67.   In response to paragraph 67, Defendants incorporate by this reference, as though fully set forth at length herein, its answers to the Complaint set forth in paragraphs 1 through 66, inclusive.

68.   In response to paragraph 68, Defendants deny each and every allegation contained therein.

69.   In response to paragraph 69, Defendants deny each and every allegation contained therein.

70.   In response to paragraph 70, Defendants deny each and every allegation contained therein.

### PRAYER FOR RELIEF

71.   In response to paragraph 71, Defendant incorporates by this reference, as though fully set forth at length herein, its answers to the Complaint set forth in paragraphs 1 through 70, inclusive.

72.   In response to subparagraphs 71-1 to 71-8, Defendants deny each and every allegation contained therein.

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

## DEFENDANTS' AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendants allege each of the following:

### First Affirmative Defense

Plaintiff has failed to state a claim for which relief can be granted against any defendant.

### Second Affirmative Defense

Defendants are immune from this action, and any liability thereunder, on the basis of qualified immunity because the actions of the individual defendant did not violate clearly established constitutional or statutory right of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223 (2009).

### Third Affirmative Defense

Plaintiff's allegations do not rise to the level of a constitutional violation.

### Fourth Affirmative Defense

Plaintiff has failed to state a claim against the City of Los Angeles because Plaintiff pleads official policies of the City of Los Angeles that are appropriate and non-violative of federal civil rights and pleads only the single event involving Plaintiff.

### Fifth Affirmative Defense

Plaintiff's allegations against the individual named defendant does not state a claim for a constitutional tort or other violation of law.

### Sixth Affirmative Defense

Plaintiff fails to state a claim against Defendants for violation of federal due process because pre-tow notice and a pre-tow hearing are not required before towing a vehicle for expired registration, and state law provides a remedy and post-tow hearing for the impound and storage of a vehicle by a government employee.  (Cal. Veh. Code §§ 22651(o); 22852); *Scofield v. Hillsborough,* 862 F.2d 759 (9th Cir. 1988); *Goichman v. Rheuban Motor, Inc.*, 682 F.2d 1320 (9th Cir. 1982); *Hudson v. Palmer*, 468 U.S. 517

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

(1984).

### Seventh Affirmative Defense

Plaintiff fails to state a claim against Defendants to the extent that Plaintiff challenges in this civil action Plaintiff's state court criminal proceedings relating to Plaintiff's July 23, 2019 violation of LAMC 41.18. *Heck v. Humphrey*, 512 U.S. 477 (1994).

### Eighth Affirmative Defense

Plaintiff has failed to state any claims for unreasonable searches or seizures because Plaintiff's vehicle was lawfully impounded in accordance with the Fourth Amendment. (Cal. Veh. Code §§ 22650; 22651(o); 22852).

### Ninth Affirmative Defense

Defendants allege that probable cause existed for any seizures alleged in the Complaint.

### Tenth Affirmative Defense

Defendants are immune from this action, and any liability thereunder, on the basis of their speech conduct under the Petition Clause of the First Amendment and the *Noerr-Pennington* Doctrine. *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090 (9th Cir. 2000).

### Eleventh Affirmative Defense

Defendants are informed and believe and thereon allege that the defendants named in the Complaint as DOES 1 through 10 are immune from this action, and any liability thereunder, on the basis of qualified immunity because the actions of the individual DOE defendants did not violate clearly established constitutional or statutory right of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223 (2009).

### Twelfth Affirmative Defense

Defendants are informed and believes and thereon alleges, in the alternative, that Defendants are not legally responsible for the acts and/or omissions of those defendants named in the Complaint as DOES 1 through 10, inclusive.

---

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

### Thirteenth Affirmative Defense

The individual defendant cannot be held individually liable for conduct other than his own conduct.

### Fourteenth Affirmative Defense

Plaintiff lacks standing to seek injunctive relief against Defendants under Article III of the Constitution. *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983); *O'Shea v. Littleton*, 414 U.S. 488 (1974).

### Fifteenth Affirmative Defense

Defendant City of Los Angeles is immune from the imposition of punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)

### Sixteenth Affirmative Defense

Plaintiff's claims for violation of the California Constitution fails because no right action for damages exists against Defendants under Article I, §§ 7, 13 of the California Constitution. *Katzberg v. Regents of Univ. of Cal.*, 29 Cal. 4th 300 (2002).

### Seventeenth Affirmative Defense

Plaintiff's Bane Act Claim (Cal. Civ. Code § 52.1) fails because Defendants lacked specific intent to deprive Plaintiff of any clearly delineated and applicable Constitutional rights. *Sandoval v. Cty. of Sonoma,* 912 F.3d 509 (9th Cir. 2018).

### Eighteenth Affirmative Defense

Defendants allege that all actions by them or their agents were undertaken in good faith and with the reasonable belief that said actions were valid, necessary and constitutionally proper.

### Nineteenth Affirmative Defense

Defendants allege that Defendants' acts in furtherance of speech are privileged under applicable statutes and case law.

### Twentieth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

**Twenty-First Affirmative Defense**

Plaintiff's claims are barred by the doctrine of waiver.

**Twenty-Second Affirmative Defense**

Plaintiff's claims are barred by the doctrine of consent.

**Twenty-Third Affirmative Defense**

Plaintiff's claims are barred by the doctrine of estoppel.

**Twenty-Fourth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of laches.

**Twenty-Fifth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

**Twenty-Sixth Affirmative Defense**

Plaintiff's claims are barred by Plaintiff's failure to exhaust his available state administrative remedies before filing a federal action.

**Twenty-Seventh Affirmative Defense**

No acts or omissions by Defendants were the proximate or legal cause of any loss, injury, or damage to Plaintiff.

**Twenty-Eighth Affirmative Defense**

Defendants allege that the relief sought in the Complaint would constitute an unjust enrichment of Plaintiff to the detriment of the Defendants.

**Twenty-Ninth Affirmative Defense**

Plaintiff is barred from seeking equitable relief because Plaintiff has adequate legal remedies for any alleged injuries.

**Thirtieth Affirmative Defense**

Defendants are immune from any liability for injury or damages to Plaintiff, if any, resulting from acts done in good faith and without malice under the apparent authority of any enactment, even though said enactment be unconstitutional, invalid, or inapplicable. (Gov. Code §§ 815.2, 820.4, 820.6.).

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

### Thirty-First Affirmative Defense

Defendants are immune from any liability for injury or damages to Plaintiff, if any, resulting from failure to discharge any mandatory duties as reasonable diligence was exercised to discharge any duties there may have been. (Gov. Code § 815.6.).

### Thirty-Second Affirmative Defense

Defendants are immune from any liability for any injury or damages to Plaintiff, if any, resulting from an exercise of discretion vested in a public employee, whether or not such discretion was abused. (Gov. Code §§ 815.2, 820.2.).

### Thirty-Third Affirmative Defense

Defendants are immune from any liability for any injury or damages to Plaintiff, if any, resulting from the execution or enforcement of any law while exercising due care. (Gov. Code §§ 815.2, 821.6.).

### Thirty-Fourth Affirmative Defense

Defendants are immune from any liability for any injury or damages to Plaintiff, if any, resulting from a decision whether or not to conduct an investigation or proceeding or for acts or omissions in the conduct of any such investigation or proceeding. (Gov. Code §§ 815.2, 821.6.).

### Thirty-Fifth Affirmative Defense

Defendants are immune from any liability for injury or damages to Plaintiff, if any, resulting from acts done in good faith and without malice under the apparent authority of any enactment, even though said enactment be unconstitutional, invalid, or inapplicable. (Gov. Code §§ 815.2, 820.4, 820.6.).

### Thirty-Sixth Affirmative Defense

Defendants are immune from any liability for injury or damages to Plaintiff, if any, by way of vicarious liability, respondeat superior, or otherwise, where the public employee whose conduct allegedly caused the injury or damage is not liable or is immune from liability. (Gov. Code § 815.2.).

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

### Thirty-Seventh Affirmative Defense

Plaintiff's state-law claims are barred by the failure to precede the action with a claim complying with the Government Claims Act, including without limitation Government Code Sections 910, 911.2, 945.4, 945.6, and 950.2, and any other applicable procedures relating to the filing of their government claim

### Thirty-Eighth Affirmative Defense

The Complaint is barred in whole or in part to the extent that Plaintiff seeks damages that would constitute a gift of public funds for a private purpose in violation of the California Constitution.

### Thirty-Ninth Affirmative Defense

Defendants have insufficient knowledge and information at present on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available to it. Defendants expressly reserve herein the right to assert additional affirmative defenses in the future following discovery of information if and to the extent that such defenses are applicable in this action.

///

///

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Defendants hereby demand and request a trial by jury in this matter.

## **PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.  The Complaint be dismissed with prejudice;

2.  Plaintiff takes nothing by this action;

3.  Defendants be awarded its costs of suit; and

4.  Defendants be awarded other and further relief as the Court may deem just and proper, including an award of attorney's fees pursuant to 42 U.S.C. § 1988.


DATED:  May 29, 2020        MICHAEL N. FEUER, Cɪᴛʏ Aᴛᴛᴏʀɴᴇʏ
KATHLEEN KENEALY, Cʜ. Assᴛ. Cɪᴛʏ Aᴛᴛᴏʀɴᴇʏ
SCOTT MARCUS, Cʜ. Cɪᴠɪʟ Lɪᴛɪɢᴀᴛɪᴏɴ Bʀᴀɴᴄʜ,
GABRIEL S. DERMER, Assᴛ. Cɪᴛʏ Aᴛᴛᴏʀɴᴇʏ
**FELIX LEBRON, Dᴇᴘᴜᴛʏ Cɪᴛʏ Aᴛᴛᴏʀɴᴇʏ**


By:      */s/Felix Lebron*
     FELIX LEBRON
     Deputy City Attorney
     Attorney for Defendants
     CITY OF LOS ANGELES and SEAN DINSE

18

ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL