Carol A. Sobel, SBN 84483
Weston Rowland SBN 327599
Katherine L. Robinson SBN 323470
LAW OFFICE OF CAROL A. SOBEL
1158 26th Street, #552
Santa Monica, CA 90403
(t)  310 393-3055
(e)  carolsobel@aol.com
(e)  rowlandweston@gmail.com
(e)  klrobinsonlaw@gmail.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| REX SCHELLENBERG,<br><br>PLAINTIFF,<br><br>vs.<br><br>CITY OF LOS ANGELES, et al.,<br><br>DEFENDANTS. | Case No.: 2:20-cv-01313-MWF-JC<br><br>[PROPOSED] ORDER RE: DISMISSAL PURSUANT TO SETTLEMENT AND RETENTION OF JURISDICTION FOR 60 DAYS TO COMPLETE ALL SETTLEMENT TERMS<br><br>Date:  March 14, 2022<br>Time: None.<br>Ctrm: 5A<br><br>ACTION FILED: **2/10/20**<br><br>TRIAL: **VACATED** |

1 | The parties previously advised the Court that they reached a tentative settlement that required approval by the Los Angeles City Claims Board. The Claims Board considered and approved the settlement on March 7, 2022.

The parties have now executed the Settlement Agreement. A true and correct copy of the Settlement Agreement executed by all parties is attached as Exhibit A.

To permit the terms of the settlement to be fulfilled, the parties request that the Court enter an order dismissing the action with jurisdiction retained for a period of 60 days. If the settlement terms are fulfilled prior to 60 days, Plaintiffs will notify the Court.

Dated: March 14, 2022　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　Law Office of Carol A. Sobel

　　　　　　　　　　　　　　　　　　/s/ Carol A. Sobel
　　　　　　　　　　　　　　　　　　By: CAROL A. SOBEL
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

Dated: March 14, 2022　　　　　　　Michael N. Feuer, City Attorney
　　　　　　　　　　　　　　　　　　Scott Marcus, Chief Asst. City Attorney
　　　　　　　　　　　　　　　　　　Gabriel Dermer, Asst. City Attorney
　　　　　　　　　　　　　　　　　　Felix Lebron, Dep. City Attorney

　　　　　　　　　　　　　　　　　　   /s   Felix Lebron
　　　　　　　　　　　　　　　　　　By: FELIX LEBRON
　　　　　　　　　　　　　　　　　　Attorneys for Defendants

**EXHIBIT A**

COLA DRAFT 03-03-22

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This **SETTLEMENT AGREEMENT AND GENERAL RELEASE** (the "**Agreement**") is made and entered into as of this 10th day of March 2022, by and among the CITY OF LOS ANGELES, a municipal corporation existing under the laws of the State of California (the "**City**") and REX SCHELLENBERG (the "**Plaintiff**"). The City and Plaintiff will sometimes be each referred to as a "**Party**" or, collectively, the "**Parties**."

## RECITALS

A. WHEREAS, on or around February 10, 2020, Plaintiff filed a lawsuit against the City and Los Angeles Police Department ("**LAPD**") Senior Lead Officer Sean Dinse ("**Dinse**") alleging that the City seized and impounded Plaintiff's vehicle on or around April 25, 2019 and July 22, 2019 in violation of the Fourth and Fourteenth Amendments of the United States Constitution, Article I, Sections 7 and 13 of the California Constitution, and California Civil Code Section 52.1 (Bane Act) in the United States District Court, Central District of California, Case No. Case No. 2:20-cv-01313-MWF-JC (the "**Action**").

B. WHEREAS, the City and Dinse expressly deny all claims alleged in the Action and further deny that the City, Dinse, and any of the City's officers, employees, agents and persons acting on its behalf violated any laws or committed any wrongful acts or omissions against the Plaintiff as alleged in the Action;

C. WHEREAS, the Parties desire to fully and finally compromise and settle all claims arising out of or relating to all matters alleged or that could have been alleged in the Action, without any admission of fault, liability or wrongdoing, in the interests of avoiding the additional expense and the inherent uncertainties of further litigation upon the terms and conditions set forth in this Agreement.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual covenants and promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. SETTLEMENT PAYMENT. The City shall pay a total amount of $75,000.00, which shall be inclusive of any and all claims for damages, attorneys' fees, or costs claimed by Plaintiff in the Action ("**Settlement Sum**"). Plaintiff's counsel shall provide a completed and signed Form W-9 to the City upon execution of this Agreement and the City shall issue payment of the Settlement Sum in the form of a check made payable to the Law Office of Carol A. Sobel Client Trust Account within thirty (30) days of the Effective Date of this Agreement.

2. POLICY REVIEW. The City shall review the LAPD policies and procedures relating to towing and evaluate any changes or additional directives to be made addressing pe-deprivation due process requirements and the towing of vehicles for expired registration under California Vehicle Code § 22651(o).

COLA DRAFT 03-03-22

3. <u>DISMISSAL OF ACTION WITH PREJUDICE.</u> Plaintiff shall file a dismissal of the entire Action with prejudice within ten (10) business days of the Effective Date of this Agreement.

4. <u>GENERAL RELEASE</u>. Except for the rights and obligations set forth in this Agreement, the following release shall become effective as of the Effective Date of this Agreement for and in consideration of the covenants and promises set forth herein:

   a. The undersigned Plaintiff to this Agreement, on behalf of himself, and his respective heirs, spouses, trustees, successors, assigns, agents, representatives, attorneys, employees, officers, directors, shareholders, members, managers, principals, partners, insurers, and predecessors does hereby forever release, acquit, and discharge the City, Dinse, and all of the City's boards, bureaus, departments, administrators, officers, elected officials, agents, employees, and all persons that acted on behalf of the City (collectively the "**City Released Parties**") from any and all claims, demands, actions, causes of action, suits, covenants, settlements, contracts, agreements, and liabilities for personal injuries, property damage, loss, cost or expense of every nature whatsoever, whether known or unknown, contingent or otherwise, at law or in equity, and whether or not expected to exist (the "**Claims**") which the undersigned Plaintiff to this Agreement had, have or may have against the City Released Parties, and each of them, arising out of or related to the Action, and any allegations, events, transactions or occurrences that were alleged or that could have been alleged therein (the "**City Released Claims**").

   b. The undersigned Plaintiff to this Agreement further acknowledges and agrees that, as to the City Released Claims, Plaintiff waives and relinquishes the provisions of any protection under Section 1542 of the California Civil Code, and/or any similar law, either federal or of any state or territory of the United States or statute or applicable law anywhere existing. Plaintiff acknowledges and agrees that he understands the meaning of California Civil Code Section 1542, which provides as follows:

      **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

   c. The undersigned Plaintiff to this Agreement expressly acknowledges that he understands the significance and consequence of such specific waiver of Section 1542 as applied to the City Released Claims.

5. <u>EFFECTIVE DATE</u>. The Parties understand and agree that the terms memorialized in this Agreement are subject to final approval by the City and its officers, boards, commissions, or entities. As used herein, the "**Effective Date**" of this Agreement means the date on which all of the following has occurred: (i) the City has obtained all such City approvals needed to make this Agreement final and binding; and (ii) the

COLA DRAFT 03-03-22

Parties have each signed and exchanged duly executed copies of this Agreement.

6. NO RELIANCE.  Except as expressly set forth herein, the Parties are not entering into this Agreement in reliance upon any express or implied warranty, representation, agreement, or understanding of any kind made by, or entered into by, the Parties or any of their respective Affiliates.  The Parties expressly acknowledge and agree that they have each relied upon their own information and investigations as to all matters agreed, represented, warranted, or acknowledged herein, and the Parties do not have any desire for further information or for further investigation.

7. INTEGRATION.   This Agreement supersedes any and all other agreements, understanding or representations, either oral or in writing, with respect to the matters addressed herein.  This Agreement sets forth the entire agreement of the Parties hereto with respect to such matters.

8. AMENDMENTS.  The Parties hereto agree that this Agreement shall only be amended by written instruments executed by the Parties.

9. ADVICE OF COUNSEL.  In entering this Agreement, the Parties represent that they have had the opportunity to seek the advice of an attorney of their own choice, to review and explain the terms of this Agreement, and/or that they have voluntarily and willingly waived such right having read and understood the Agreement on their own behalf.

10. COMPLIANCE.   Each of the Parties intends to, and hereby warrants and represents that they will, comply faithfully with its obligations under this Agreement in order that each Party receives the full benefit of its bargains under this Agreement, each provision of which is agreed to be important and material to the Parties.  Each of the Parties understands that the other Party is relying upon such faithful compliance, and that the other Party would not execute this Agreement if they knew that the other Party had any such reservations or objections, and each of the Parties wishes to induce the other Party to rely upon and expect to receive and enjoy each of the rights and remedies specified in this Agreement.

11. GOVERNING LAW.  This Agreement shall be construed in accordance with the laws of the State of California.  If any action is filed to enforce or interpret any of the terms or provisions of this Agreement, the Parties agree that this Agreement is to be performed in the County of Los Angeles, State of California.

12. SEVERABILITY.  If any provision of this Agreement shall for any reason be determined by a court of competent jurisdiction (sustained on appeal, if any) to be unenforceable in any respect, the remainder of this Agreement shall remain unaffected and in full force and effect.

13. COUNTERPARTS.  This Agreement may be executed in any number of counterparts. Any such counterpart, when executed, shall constitute an original of this Agreement, and all such counterparts together shall constitute an original of this Agreement, and all such counterparts together shall constitute one and the same Agreement.  Any photocopied, faxed or emailed version of this Agreement bearing one or more authentic signatures shall be valid, binding and admissible for all purposes as though original.

COLA DRAFT 03-03-22

14. **FURTHER ASSURANCES.** Each Party agrees to make, execute and deliver such other instruments or documents, and to do or cause to be done such further or additional acts, as reasonably may be necessary in order to effectuate the purposes or to implement the terms of this Agreement.

15. **BINDING.** This Agreement shall be binding upon and inure to the benefit of the Parties, their heirs, successors, assigns and Affiliates.

16. **NO THIRD-PARTY BENEFICIARIES.** There are no intended third-party beneficiaries that may assert rights or defenses under this Agreement, except the Parties to this Agreement and Dinse.

17. **WAIVER.** No waiver of any provision of this Agreement shall be effective unless such waiver is in writing and signed by the waiving Party, and any such waiver shall not be deemed a waiver of any other provision of this Agreement.

18. **NO ADMISSION OF LIABILITY.** This Agreement is in compromise of disputed claims, and neither the execution and delivery of this Agreement, nor the performance of any obligations thereunder, shall be construed as an admission of liability or wrong doing or as an admission of any other matter on the part of any of the Parties, Dinse, or any of them.

19. **CONSTRUCTION.** This Agreement shall not be construed against any of the Parties and the rule of construing contract ambiguities against the party drafting the contract shall be inapplicable.

20. **EFFECT OF HEADING.** The headings used in this Agreement are for convenience only and shall not affect the construction or interpretation this Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed and delivered as of the date first above written.

CITY OF LOS ANGELES

By: _____
Printed: Felix Lebron
Title: Deputy City Attorney

_____
REX SCHELLENBERG

Reviewed and approved as to form and content:

_____
Carol A. Sobel
Law Office of Carol Sobel
Counsel for Plaintiff Rex Schellenberg

4